McMILLAN, Presiding Judge.
The appellant, Michael Russ, appeals from the trial court’s order summarily dismissing his Rule 32, Ala. R.Crim. P., petition for postconviction relief. In his petition, Russ stated that he had failed to appeal the trial court’s ruling on a prior Rule 32 petition within the prescribed time but that that failure had been without fault on his part. The State moved for a dismissal of the petition, arguing that Russ had failed to state a claim for relief and that the present petition was successive. The trial court granted the State’s motion and summarily dismissed the August 13 petition.
Russ contends that the trial court erred in dismissing his present petition without an evidentiary hearing. He argues that the petition was not successive because his prior petitions had not been considered on the merits. He also argues that he presented sufficient evidence that, if true, entitles him to relief. Russ stated in his August 13, 2001, petition that he had been convicted of attempted murder, theft, and burglary in 1991 and that those convictions had been affirmed by this Court on appeal. He also stated that he had filed three earlier Rule 32 petitions, each of which had been denied. Russ stated as the factual basis of the August 13 petition *1035 that “he was not aware or receive [sic] an order of this Honorable Court denying or dismissing his Rule 32 petition on August 22, 2000.” He attached as an exhibit to the August 13, 2001, petition a letter dated July 27, 2001, in which he asked the circuit court clerk “for the status of my Rule 32 petition filed on or about June 29, 2000.” The letter contains a handwritten notation, dated July 31, 2001, which states, “Your Rule 32 was denied or dismissed on 8-22-00. [Signed] BW.”
Russ argues that he did not appeal the dismissal of his Rule 32 petition filed on June 29, 2000, within the prescribed time because he did not receive the order issued by the trial court.
Based on our review of the record, and on this Court’s recent holding in Brooks v. State, [Ms. CR-00-1134, April 26, 2002] — So.2d — (Ala.Crim.App.2002), we remand this cause to the trial court to determine whether Russ may, in fact, be entitled to an out-of-time appeal from the dismissal of his June 29, 2000, Rule 32 petition and, therefore, to determine whether the summary dismissal of his Rule 32 petition filed on August 13 was proper. Accordingly, we remand this case to the trial court for it to take the necessary steps to determine when its order denying Russ’s June 29, 2000, petition was entered — i.e., stamped as received by the circuit clerk — and to determine whether Russ received a copy of the order that was stamped as received by the circuit clerk. If the trial court determines that the 42-day period for filing a notice of appeal had run before Russ received his copy of the order dismissing his prior Rule 32 petition or if the trial court determines that Russ received no notice that the order had been entered and, thus, that the 42-day appeal period had begun to run, as Russ alleges in his present petition, it shall grant Russ an out-of-time appeal.
REMANDED WITH DIRECTIONS.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

On Return to Remand

McMILLAN, Presiding Judge.
On August 30, 2002, we remanded this case to the trial court for it to take the necessary steps to determine when its order denying Russ’s June 29, 2000, Rule 32, Ala. R.Crim. P., petition was entered — i.e., stamped as received by the circuit clerk— and to determine whether Russ received a copy of the order that was stamped as received by the circuit clerk. If the trial court determined that the 42-day period for filing a notice of appeal had run before Russ received his copy of the order dismissing his Rule 32 petition or if the trial court determined that Russ received no notice that the order had been entered and, thus, that the 42-day appeal period had begun to run, as Russ alleged in his petition, it was to grant him an out-of-time appeal.
Pursuant to this Court’s instructions, the trial court issued the following order:
“After diligent review of the file(s), it is readily apparent that the order denying Russ’s June 29, 2000 petition was stamped as received by the clerk on August 25, 2000.... While the trial court customarily mails a copy of all orders to the parties and/or attorneys of record on the date it is filed in the circuit clerk’s office, it is not the practice of the Court to send such orders by certified mail. It is, therefore, impossible to determine with certainty whether the petitioner ever received such order, much less whether he received it prior to expiration of time for filing appeal.
*1036 “It is therefore, Ordered, Adjudged and Decreed Petitioner is Granted an out-of-time appeal.”
This appeal is therefore dismissed; petitioner may file an out-of-time appeal.
APPEAL DISMISSED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.